IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RICHARD A. JENSEN                                                                    PLAINTIFF

v.                              Civil No. 11-3006

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                    DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Richard Jensen, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for disability insurance benefits ("DIB") and supplemental insurance benefits ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

The plaintiff filed her applications for DIB and SSI on August February 6, 2007, alleging an onset date of December 1, 2006,[1] due to back pain, depression, panic disorder with agoraphobia, bipolar I disorder, borderline personality disorder, and polysubstance dependence. His applications were initially denied and that denial was upheld upon reconsideration. Plaintiff then made a request for a hearing by an Administrative Law Judge ("ALJ"). An administrative hearing was held on July 1, 2008. Tr. 30-91. Plaintiff was present and represented by counsel.

---

[1] At the administrative hearing, Plaintiff amended his onset date from April 1, 1994. Tr. 97.

At this time, plaintiff was 39 years of age and possessed the equivalent of a high school education. Tr. 32-33, 35. He had past relevant work ("PRW") experience as a laborer and construction worker. 65-66, 174, 227-233.

On September 26, 2008, the ALJ found that plaintiff's major depression, panic disorder with agoraphobia, bipolar I disorder, borderline personality disorder, and polysubstance dependence were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 99-102. After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels that involves only non-complex, simple instructions and requires little judgment; involves routine/repetitive tasks that are learned by rote with few variables; requires only superficial contact with the public/co-workers that is incidental to the work performed; and, involves concrete, direct, and specific supervision. Tr. 102-105. With the assistance of a vocational expert, the ALJ found plaintiff could perform work his PRW as an order picker. Tr. 105-106.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on December 8, 2010. Tr. 1-5. Subsequently, plaintiff filed this action. ECF No. 1. Plaintiff has also filed a Motion to Supplement the Record with Additional Medical Evidence. ECF No. 8. This case is before the undersigned by consent of the parties.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

AO72A
(Rev. 8/82)

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's dismissal of Plaintiff's subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.429. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). These factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). However, she cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them." *Polaski,* 739 F.2d at 1322.

We note that the evaluation of a mental impairment is often more complicated than the evaluation of a claimed physical impairment. *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir.

4

1996). Evidence of symptom-free periods, which may negate the finding of a physical disability, do not compel a finding that disability based on a mental disorder has ceased. *Id*. Mental illness can be extremely difficult to predict, and remissions are often of "uncertain duration and marked by the impending possibility of relapse." *Id.* Individuals suffering from mental disorders often have their lives structured to minimize stress and help control their symptoms, indicating that they may actually be more impaired than their symptoms indicate. *Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir.2001); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(E) (1999). This limited tolerance for stress is particularly relevant because a claimant's residual functional capacity is based on their ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (abrogated on other grounds).

Records indicate Plaintiff had a history of major depression with psychotic features, panic disorder with agoraphobia, borderline personality disorder, and polysubstance abuse, as well as diagnoses of schizoaffective disorder and bipolar disorder. He also had a history of suicide attempts,[2] auditory and visual hallucinations, self mutilation, and a history of extensive abuse. Tr. 236-242, 340, 343, 354-359, 362, 408-409, 416, 418, 436, 468, 524. Additional records documenting a second hospitalization in May 2009 for a suicide attempt and lacerations to his wrists requiring surgical correction were submitted to the Appeals Council, but were not made a part of the record. Plaintiff now seeks to admit these records. These records indicate that

---

[2] Although dated prior to Plaintiff's amended onset date, the record reveals multiple ER visits for depression with self inflicted lacerations to the upper extremities. Tr. 354-359, 362, 468. Each incident involved alcohol. Plaintiff reported thinking of cutting often, which angered him, and caused him to drink to calm down. And, in turn, he cut himself. We find this to be just one example of his disorganized thinking and poor insight. Tr. 444.

Plaintiff was again diagnosed with schizoaffective disorder. This disorder is essentially a combination of schizophrenia and bipolar disorder, resulting in severe changes in mood and some of the psychotic symptoms of schizophrenia, such as hallucinations, delusions, and disorganized thinking. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TEXT REVISED (DSM IV-TR) 319-321. (4th ed. 1994).

We note that the ALJ dismissed plaintiff's subjective complaints, stating that plaintiff had abused marijuana and alcohol and failed to take his medication as prescribed. The mere fact that substance abuse aggravates Plaintiff's mental illness does not prove that the mental illness itself is not disabling. *Brown v. Apfel,* 192 F.3d 492, 499 (5th Cir.1999); *Sousa v. Callahan,* 143 F.3d 1240, 1245 (9th Cir.1998). Research reveals that schizoaffective disorder can precipitate substance abuse, as a means by which the sufferer tries to alleviate his symptoms. DSM IV-TR at 321; Goodwin & Jamison, *supra,* at 219-25; Li-Tzy Wu et al., *Influence of Comorbid Alcohol and Psychiatric Disorders on Utilization of Mental Health Services in the National Comorbidity Survey*, 156 AM. J. PSYCHIATRY 1235 (1999); Edward J. Khantzian, *The Self-Medication Hypothesis of Addictive Disorders: Focus on Heroin and Cocaine Dependence*, 142 AM. J. PSYCHIATRY 1259, 1263 (1985). Further, while we do agree that the record reveals periods during which plaintiff did not take his medication or made his own adjustments to his medication, we are also aware of the fact that it is not uncommon for patients suffering from bipolar disorder, schizophrenia, and/or schizoaffective disorder to discontinue their medications at will. *See* DSM IV-TR 304, 321, 359; Charolette E. Grayson, *Bipolar Disorder: Taking Your Bipolar Medication*, *at* www.webmd.com; Agnes Hatfield, *Medication Non-Compliance*, *at* www.schizophrenia.com. According to the DSM, patients suffering from schizophrenia,

6

schizoaffective disorder, and bipolar disorder also suffer from anosognosia, or poor insight. DSM IV-TR 304, 321, 359 (4th ed. 2000). "Evidence suggests that poor insight is a manifestation of the illness, rather than a coping strategy. . . . This symptom predisposes the individual to noncompliance with treatment and has been found to be predictive of higher relapse rates, increased number of involuntary hospital admissions, poorer psychosocial functioning, and a poorer course of illness." *Id*. As such, we believe that the ALJ should have taken this into consideration prior to rendering her opinion. Because the ALJ failed to do so in this case, we cannot say that substantial evidence supports the ALJ's dismissal of plaintiff's subjective complaints on the basis of plaintiff's failure to take his medication as prescribed. Accordingly, on remand, the ALJ should question plaintiff's treating physicians regarding the cause of plaintiff's failure to take his medication and the effect, if any, it has on his condition. His physicians should also be asked to determine what Plaintiff's limitations would be, if Plaintiff were to no longer drink or abuse drugs.

   The ALJ also relied heavily on Dr. Price's December 2007 evaluation of Plaintiff. Tr. 520-522. In this assessment, he indicated that he could not determine Plaintiff's motives for treatment, as he mentioned his application for disability as well as financial and legal problems. However, the ALJ failed to note that Dr. Price also indicated that he was not listing malingering as a possible diagnosis because he was uncertain of it applicability. He stated that Plaintiff could "just be in a surly hypomanic phase and not a very good historian" or have "impaired cognition due to inhalant damage to his neurons." Tr. 521. Dr. Price indicated that he would give Plaintiff the benefit of the doubt and prescribed him medication. Additional treatment records from Dr. Price reveal that Plaintiff was increasing his medication dosages against medical advice due to

7

continued anxiety, but Dr. Price did not diagnose him with malingering. Instead, he was of the opinion that Plaintiff was experiencing some cognitive difficulty. Tr. 524-525. Accordingly, we find the ALJ's reliance on Dr. Price's questionable diagnosis of malingering to be improper.

Plaintiff has also complained of lower back pain and been prescribed narcotic pain medications and muscle relaxers to treat this impairment. The ALJ dismissed his complaints, finding no evidence to support them. Instead, she concluded he could perform a full range of work at all exertional levels. We note, however, that the record contains an MRI of his lumbar spine dated June 5, 2008, revealing a possible annular tear involving the L5-S1 disk and mild degenerative disk disease at the same level. Tr. 514. *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). Further, Plaintiff seeks to admit an additional x-ray dated December 2008, in which degenerative changes are also noted.[3] On remand, the ALJ is directed to reconsider the evidence documenting possible limitations resulting from Plaintiff's back pain and to obtain the additional medical records submitted by Plaintiff.

### IV.  Conclusion:

Based on the foregoing, we reverse the decision of the ALJ and remand the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this the 2nd day of November 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3] This record was also referenced by the Appeals Council in their Order denying review, but was omitted from the record.

AO72A
(Rev. 8/82)